1                    IN THE UNITED STATES DISTRICT COURT

2                        FOR THE DISTRICT OF HAWAII

3

     UNITED STATES OF AMERICA,      )  MAGISTRATE NO. 22-00490RT
4                                   )
               Plaintiff,           )  Honolulu, Hawaii
5                                   )  April 19, 2022
          vs.                       )
6                                   )
     (1) LINDSEY KINNEY,            )  DETENTION HEARING
7                                   )
               Defendant.           )
8    _____ )

9
                        TRANSCRIPT OF PROCEEDINGS
10              BEFORE THE HONORABLE ROM TRADER
                  UNITED STATES MAGISTRATE JUDGE
11
     APPEARANCES:
12
     For the Government:        CRAIG S. NOLAN, ESQ.
13                              Office of the United States Attorney
                                PJKK Federal Building
14                              300 Ala Moana Blvd., Suite 6100
                                Honolulu, Hawaii  96850
15

16   For the Defendant:         BENJAMIN R. C. IGNACIO, ESQ.
                                1130 N. Nimitz Highway
17                              Suite B-223
                                Honolulu, Hawaii   96817
18

19

20   Official Court            Cynthia Fazio, RMR, CRR, CRC
     Transcriber:              United States District Court
21                             300 Ala Moana Blvd., C-270
                               Honolulu, Hawaii  96850
22

23

24
     Proceedings recorded by electronic sound recording, transcript
25   produced with computer-aided transcription (CAT).

```
 1   TUESDAY, APRIL 19, 2022                          10:30 A.M.

 2            THE COURTROOM MANAGER:  Magistrate Judge Number

 3   22-00490 RT, United States of America versus defendant one,

 4   Lindsey Kinney.

 5            This case has been called for a detention hearing.

 6            Counsel, please make your appearances for the record.

 7            MR. NOLAN:  Good morning, Your Honor.  Craig Nolan for

 8   the government.  To my right is Special Agent Wyatt Tackett of

 9   the FBI.  Behind us is Erin Patrick of Pretrial Services.

10            THE COURT:  All right.  Good morning.

11            MR. IGNACIO:  And good morning, Your Honor.  Benjamin

12   Ignacio on behalf of defendant Lindsey Kinney, who is present

13   standing to my left.  We're ready to proceed.

14            THE COURT:  All right.  Very good.  All right.  At the

15   outset we do have some folks in the gallery.  This is a public

16   proceeding.  Public has every right to attend and the goings on

17   in court.  I'm glad to have you here.  But I will just simply

18   remind everyone that that right to attend public proceedings is

19   not absolute.  It's contingent upon whether or not people are

20   going to comport themselves, in other words, behave

21   consistently with the decorum that's expected in court.  Okay?

22   And so as long as everybody does that, absolutely no problem,

23   you're welcome to be here.  Thank you for coming.

24            If you choose not to, I'm just going to let you know

25   I'm not going to tolerate anything and I will ask those people
```

1    that are choosing to disrupt proceedings or -- or essentially

2    interrupt or anything like that, I will ask that they be

3    removed.  Okay?  And so everyone's on notice.  Okay?  All

4    right.  Very good.

5              With that, I've been handed the -- a financial

6    affidavit, Mr. Ignacio.  It doesn't appear to bear the

7    signature of Mr. Kinney.  Is Mr. Kinney willing to sign this?

8              MR. IGNACIO:  Your Honor, I met with Mr. Kinney prior

9    to coming to the hearing today to go over that financial

10   affidavit.  I corroborated the contents of that affidavit with

11   the contents of the pretrial bail report and my client.  So I

12   believe that those contents are correct.

13             THE COURT:  Okay.

14             MR. IGNACIO:  I did ask Mr. Kinney to sign it and he

15   declined.

16             THE COURT:  All right.  Mr. Kinney, what I'm asking --

17   if you could stand, sir.  I'm holding a financial affidavit.

18   It's a piece of paper that Mr. Ignacio, your attorney, just

19   spoke of.  And part of what I need to do today is to -- to

20   essentially verify the information so that we can address the

21   matter of representation.  Okay?  And so what I'm going to ask

22   you is, are -- I'm going to ask the clerk to just swear you in

23   just to say whether or not the information that's on here that

24   Mr. Ignacio covered with you, if that's accurate and correct.

25   You understand?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Okay.  All right.  And so with that, I'm

3    going to ask that you be sworn.  You can just -- just raise

4    your hand to the extent you're able to, okay, Mr. Kinney?

5    Thank you, sir.

6          THE COURTROOM MANAGER:  All right.  Mr. Kinney, do you

7    solemnly swear that the information provided on your financial

8    affidavit is true to the best of your knowledge, so help you

9    God?

10          THE DEFENDANT:  Yes.

11          THE COURT:  All right.  Thank you.  All right.  And so

12    with that, notwithstanding the fact that Mr. Kinney has not

13    signed this particular financial affidavit, I'll accept the

14    representations of Mr. Ignacio, CJA counsel, and that the sworn

15    statement by Mr. Kinney under oath.  Okay.  Thank you, sir.

16          With that, we'll have this financial affidavit entered

17    and made part of the record and at this point, Mr. Ignacio, you

18    are no longer provisionally appointed, you're appointed for all

19    purposes.

20          With that, we're here for a detention proceeding.  The

21    Court will take judicial notice of the records and files in

22    this case.  I am in receipt of the government's motion to

23    detain.  I'll note that the government is not relying upon a

24    presumption; is that correct, Mr. Nolan?

25          MR. NOLAN:  That's correct.  There's no presumption

1  available to us.

2         THE COURT:  I just wanted to make sure.  Okay.  And

3  then with that, I've also been provided the Pretrial Services

4  report, which I presume that both sides have received.

5         And with that, Mr. Ignacio, how does Mr. Kinney wish

6  to proceed with regard to the issue of detention this morning?

7         MR. IGNACIO:  Thank you, Your Honor.  Before we get to

8  the issue of detention, I've spoken with my client.  I agreed

9  to do this one time for him because I want him to feel like he

10 is part of the process.

11        THE COURT:  Certainly.

12        MR. IGNACIO:  But I -- I caveat what I'm about to

13 state, that I didn't do any legal research on this issue, I --

14 I don't adopt it, but I did want to give him a voice.

15        THE COURT:  Sure.

16        MR. IGNACIO:  And so Mr. Kinney has asked me to state

17 to the Court that he is a national sovereign repatriated -- a

18 national sovereign who is repatriated under the United States

19 of America and he is not part of the State of Hawaii or the

20 United States --

21        THE DEFENDANT:  Um --

22        MR. IGNACIO:  -- of America.

23        THE DEFENDANT:  In this country, not --

24        MR. IGNACIO:  I see.

25        THE COURT:  Okay.

1          MR. IGNACIO:  Okay.

2          THE COURT:  All right.

3          MR. IGNACIO:  I apologize.  I paraphrased.

4          THE COURT:  No, no, that's okay.  All right.  Anything

5    else on that point, Mr. Ignacio?

6          MR. IGNACIO:  I think he also, by saying so, is

7    objecting to the authority of this Court to exercise --

8          THE COURT:  Understood.

9          MR. IGNACIO:  -- jurisdiction over him.

10          THE COURT:  Let me just ask a quick question of you,

11    Mr. Ignacio.  So Mr. Kinney is contesting the jurisdiction of

12    this Court at this point; is that right?

13          MR. IGNACIO:  Essentially.  I didn't talk to him about

14    it --

15          THE COURT:  Okay.

16          MR. IGNACIO:  -- that way, but I've seen these

17    arguments before.

18          THE COURT:  Right.  And -- and so what -- what I'm

19    asking is that based upon when you say repatriated, I'm just

20    trying to understand 'cause -- whether or not I got this

21    correct or not, is it because of his either membership or

22    association or him identifying with, for example, the Kingdom

23    of Hawaii or anything like that?

24          MR. IGNACIO:  Honestly, Your Honor, I didn't go that

25    much further into --

1            THE COURT:  Okay.

2            MR. IGNACIO:  -- the basis of it, but it's essentially

3    my -- a sovereignty type of argument that I'm familiar with.

4            THE COURT:  Understood.

5            THE DEFENDANT:  Not sovereign, it's -- it's a --

6            THE COURT:  Okay.  Mr. Kinney, I'm just going to ask

7    you to speak to Mr. Ignacio.

8            THE DEFENDANT:  Oh, sorry, sorry.  I'm sorry.

9            THE COURT:  Just real briefly on that point because I

10   just want to make sure that I understand that point, if that's

11   correct.

12           THE DEFENDANT:  Am a national sovereign.

13           MR. IGNACIO:  Okay.

14           THE DEFENDANT:  Repatriated into this country, not

15   into the fake state, not into the government, into this

16   country.

17           MR. IGNACIO:  So he's clarified by reiterating what I

18   just said.

19           THE COURT:  Okay.  All right.  Very good.

20           MR. IGNACIO:  Which is essentially that he's a

21   national sovereign.

22           THE COURT:  All right.  And with that, Mr. Nolan, is

23   there anything you would like to say?  Otherwise the Court's

24   prepared to proceed.

25           MR. NOLAN:  In terms of my detention argument or just

1    simply in response to that?

2         THE COURT:  Well, in response to that before we get to

3    the detention.

4         MR. NOLAN:  All I will say is, I understand the

5    position to mean he believes that he is not subject to laws or

6    authority of this Court.  If -- if he were saying that he was

7    simply just not a member of this -- resident of this country, a

8    citizen of this country, still, as any foreign citizen comes

9    into the country, they are subject to this Court and the law

10   for the period they are here because it has jurisdiction.  So I

11   interpret it to be a broader statement that this Court and the

12   federal government has no authority here where we are

13   physically in these islands.

14        THE COURT:  All right.  With that, the Court

15   appreciates the statements for the record made by Mr. Ignacio,

16   responded to by the government, Mr. Nolan, and then to the

17   extent that Mr. Kinney's voice is audibly recorded on the

18   proceeding for today, that he believes in essence that he's not

19   subject to the laws of, I guess the federal government or the

20   jurisdiction of this Court in short.

21        With that, certainly that can be further addressed

22   down the line if Mr. Kinney wishes to do so, but at this point

23   this Court, pursuant to 18 U.S.C. 3231, the district courts of

24   the United States shall have original jurisdiction, exclusive

25   of the courts of the states, of all offenses against the laws

 1    of the United States.

 2          The complaint that's on file in this particular case

 3    alleges a number of things, including conduct that's alleged to

 4    have occurred within the State of Hawaii, but in particular the

 5    District of Hawaii.  And that absent some other showing by the

 6    defense at this stage as to why Mr. Kinney is not expressly

 7    bound by and subject to federal law, why this Court otherwise

 8    would not have proper jurisdiction, the Court will rule that at

 9    this point it considers it does, with all due respect to

10    Mr. Kinney, and will proceed further to the detention matter.

11          All right.  And so the record is preserved,

12    Mr. Kinney, as to that point.  You're not giving up anything.

13    To the extent that a matter such as this might be better raised

14    in the context of a fully briefed motion or what have you,

15    speak to Mr. Ignacio about that further and if that's something

16    you wish to pursue later, you're welcome to do that.  But for

17    purposes of today, I'm not going to recognize that argument.

18    Okay?

19          With that, as to detention, Mr. Ignacio, how does

20    Mr. Kinney wish to proceed as to that matter in light of the

21    recommendation and the government's motion?

22          MR. IGNACIO:  Your Honor, we would ask that Your Honor

23    release him on -- on reasonable bail.  We would object to the

24    government's motion to detain.  We would also object to the

25    pretrial bail report's recommendation that he be detained

1    without bail.

2          The boxes the government checked off on its motion to

3    detain without bail notwithstanding, Mr. Kinney is clearly a

4    nonviolent man.  He's never -- there's no factual assertion

5    that he's engaged in violent behavior.  At worst, he's accused

6    of -- of making verbal threats.  So this is a crime of words,

7    not a crime of action.  He has a clean record.  No criminal

8    conduct in the past.

9          THE COURT:  As to his proposed plan of release, I take

10   it from what I've reviewed and what was provided by Pretrial,

11   it's his intention simply return to where he resided previously

12   and -- is that correct?

13         MR. IGNACIO:  I believe so, Your Honor.  Let me just

14   clarify.  My understanding of -- of Mr. Kinney's existence is

15   not -- it's nontraditional at this point.  He lives in a

16   community in Kaneohe.  He's -- some members of society would

17   consider it homeless.  I think that that might be a bit

18   incorrect.

19         He lives in a community.  He knows where he -- he's

20   part of a -- a fixed area, a location that is the opposite side

21   of the island of the -- the -- where these allegations are

22   allegedly -- alleged to unfold, if they were to have unfolded.

23   The victims in this case are in Waianae.  We all know that

24   Waianae is pretty much the opposite side of the island from

25   Kaneohe.  There's no other allegation of -- or suggestion of

1  violent conduct.

2         As a matter of fact, it's in the pretrial bail report,

3  so I'll address it.  Mr. Kinney was approached to kill somebody

4  for money and he declined and he was -- he suffered reprisals

5  as a result of it.  So, I -- I think Mr. -- Mr. Kinney is a

6  peaceful man.  This is a crime of words, not of deeds.  And

7  this is not a presumption case.  So for those reasons, Your

8  Honor, I would ask that Mr. Kinney be released.

9         THE COURT:  All right.  Thank you very much.

10        Mr. Nolan, government's response?

11        MR. NOLAN:  Yes, Your Honor.  I'll note this is

12  eligible for detention on -- on a number of theories.  And I've

13  checked the boxes as Mr. Ignacio stated, but I just want to put

14  on the record that of course crime of violence, 3142(f)(1)(A)

15  incorporates a definition of crime of violence from 18 U.S.C.

16  3156(a)(4) which includes an offense that has an element of the

17  offense -- as an element of the offense, the threatened use of

18  physical force against the person or property of another.  I

19  just wanted to make that clear because, of course, crime of

20  violence itself doesn't -- doesn't really comprehend the full

21  scope of the way it's defined in the statutes.

22        There -- there are a number of reasons that Mr. Kinney

23  should be detained.  And Pretrial did a good job, I think,

24  of -- of spelling those out.

25        One, as is so clearly stated here on the record, he

1    does not recognize the authority of this Court or the federal

2    government or federal law.  Being released on conditions means

3    abiding by conditions set by this Court in an order pursuant to

4    the laws of the United States.  So it's just fundamentally

5    incompatible that he -- that he would be compliant with this

6    Court's conditions and appear as required if -- if what is

7    mandating that are laws and orders and a Court he does not

8    recognize as legitimate or that he's subject to.  So we start

9    with that at the get-go.

10         On top of that, he lives in a community that makes

11   its -- and that's their word, I don't know if it's a community.

12   I've never been there.  I don't intend to visit.  But what I do

13   know is it would be an awfully difficult place for a Pretrial

14   Services officer to visit and check up on Mr. Kinney.  And I

15   think it's fair to say that there may be some level of risk in

16   visiting such a community by a Pretrial Services officer.

17         On top of that, we have his alleged crime as described

18   in the complaint.  You've got plenty of details about that.

19   And so these are threats to injure.  They are not protected by

20   the First Amendment.  They are subject to 18 U.S.C. 875(c).  It

21   is not the only incidence of threats.  And I want to point out

22   that there was, we described in the complaint, there is a -- a

23   personal nexus here, right?  Because of his associate who had

24   the run-in with victim number one.  This doesn't come out of

25   the blue.  And it's not a political statement.  It is a threat

1   to injure a specific person -- persons, that is, the harbor

2   master and two people associated with him.

3         On top of that, as the Pretrial Services report

4   indicates, the FBI's actively investigating threats to the two

5   other individuals mentioned in the report and it's a post.  I

6   mean there's no question as to what -- that Mr. Kinney made the

7   statements which are threatening in nature.  So, that's under

8   investigation.

9         There is yet another victim who's been threatened and

10   that is under investigation.  So this is not an isolated

11   incident.  And these are serious threats.  They're threats to

12   kill.  And we take them seriously, that's why we brought the

13   charge.  We do not bring a charge like this lightly.

14         We -- we have pointed out to Pretrial Services and

15   it's incorporated into the report that the allegations from

16   2020 -- I can't tell you why Hon. Pros. didn't prosecute, all I

17   can give you is the information I currently have, and I

18   provided that to Pretrial Services.  But walking around Kaneohe

19   unlicensed with an assault rifle is unacceptable.  It is

20   threatening.  And having guns when one is not allowed to.

21   Again, make clear, it was not prosecuted by Hon. Pros.  I don't

22   know if that'll change.  I have no information either way.

23         He -- Mr. Kinney has made clear to Pretrial Services

24   he's not going to stop smoking marijuana and he will not go to

25   treatment if so ordered by the Court, which is an instance or

1    an example of his unwillingness to do what this Court might

2    order.  And of course he is -- he is going back to the woods,

3    which presents the problem I described earlier.

4         We think that all these facts demonstrate by a

5    preponderance that conditions will not ensure that --

6    reasonably ensure that he will appear as required and we also

7    believe that we demonstrated by clear and convincing evidence

8    that he presents a risk of danger that cannot be sufficiently

9    mitigated by conditions or a combination of conditions to -- to

10   specific individuals in the community and the community at

11   large.  Thank you, Your Honor.

12        THE DEFENDANT:  May I speak, um -- may I speak?

13        THE COURT:  All right.  Mr. -- Mr. Kinney, I'm going

14   to --

15        THE DEFENDANT:  (Indiscernible).

16        THE COURT:  -- advise -- I'm going to advise you not

17   to say anything because anything you could say might be used

18   against you.

19        THE DEFENDANT:  Not a problem, sir.  Not a problem,

20   sir.

21        THE COURT:  Okay.  But --

22        MR. IGNACIO:  Let the judge talk first.

23        THE DEFENDANT:  Oh, I'm sorry.  I'm sorry.

24        THE COURT:  All right.

25        THE DEFENDANT:  Go ahead.

```
 1            THE COURT:  Now, I'll just tell you right now, you've
 2   got one of the most experienced defense counsel sitting to your
 3   right, okay?  He's telling you don't say anything.  Okay.  I
 4   know it's not easy for you probably in this circumstance
 5   because there's a lot of things going on and you probably have
 6   some things you want to share.
 7            THE DEFENDANT:  Yes.
 8            THE COURT:  But I strongly urge you not to say
 9   anything and to instead speak to Mr. Ignacio about these things
10   so you can take the appropriate next step without jeopardizing
11   your rights or your position in this case.  Okay?
12            That being said, okay, Mr. Kinney, I'll give you a
13   brief opportunity if you want it, but like I'm saying, I don't
14   think this is a good idea.  I strongly urge you not to say
15   anything at this point because there are going to be other
16   proceedings and other opportunities.  And before you say
17   anything, you're going to want to know kind of what those
18   ramifications are, okay?
19            THE DEFENDANT:  I'm going to be detained the whole
20   time for nothing.
21            MR. IGNACIO:  What is it you want to say?
22            THE DEFENDANT:  I have a lot of proof --
23            MR. IGNACIO:  Shhh, shhh, shhh.  Keep your voice
24   (indiscernible).
25            THE DEFENDANT:  -- of them --
```

1          MR. IGNACIO:  Okay.  Keep your voice (indiscernible).

2    Okay.  So what you're saying is --

3          THE DEFENDANT:  -- harassing -- harassing us.

4          MR. IGNACIO:  Yeah.

5          THE DEFENDANT:  Harassing me.

6          MR. IGNACIO:  What you're saying is that you think

7    you're not guilty (indiscernible).

8          THE DEFENDANT:  I'm -- I'm just answering them back.

9          MR. IGNACIO:  Okay.  All right.

10         THE DEFENDANT:  They the ones -- brah, I got it all

11   written.  It's all screenshots, everything, that they want to

12   go head on with the king --

13         MR. IGNACIO:  Okay that's enough.

14         THE DEFENDANT:  -- to his death.  They was saying

15   that.

16         THE COURT:  All right.  All right.  This is probably

17   not the best set of circumstances within which to have a --

18         MR. IGNACIO:  Yeah, I think that's enough.

19         THE COURT:  -- confidential discussion with counsel.

20   So I'm going to decline to permit Mr. Kinney to -- it's not

21   because I'm trying to be rude to you, Mr. Kinney, it's not

22   because I'm trying to --

23         THE DEFENDANT:  Truth will come to light.

24         THE COURT:  -- do anything other than ensure that your

25   rights are protected.  Okay?  Today's proceeding is not about

1    guilt or innocence.  That's for another day.  Okay?  And

2    anything you might have to bear on that, share that with

3    Mr. Ignacio and so that he can best figure out what next steps

4    to take.

5          All right.  The Court has carefully considered the

6    merits of the government's motion to detain within the context

7    of the records and files in this case.  And for the record the

8    Court has reviewed the criminal complaint in this case as well

9    as the affidavit in support.  Beyond that, the Court has

10   carefully considered the information, recommendation of

11   Pretrial Services.  That recommendation is -- is to detain.

12         And, Mr. Kinney, just so you know, I -- when I handle

13   these types of matters, I consider all of the information.  I

14   don't know you from Adam.  Okay?  I have nothing against you at

15   all.  Okay.  But what I have to do is to base a decision based

16   upon the information I have.  Okay.  And that information might

17   change in the future.  I don't know.

18         THE DEFENDANT:  I have to --

19         THE COURT:  But based upon the information that I have

20   now, I have to determine whether or not I'm comfortable

21   releasing you and knowing that you're going to appear in court,

22   you're not going to pose a danger to anyone.  Okay?  All right?

23         And so based upon the information that I have, okay,

24   the Court is -- is going to accept the arguments proffered by

25   the government.  This is a serious case and the allegations,

1   while unproven, Mr. Kinney will have his day in court as far as

2   guilt or innocence at some point down the line.  But the Court

3   has carefully considered the nature of the -- the offense

4   charged, the information contained in the Pretrial Services

5   report with regard to substance abuse history, past criminal

6   history, but to the extent that there are allegations that are

7   uncharged regarding prior crimes involving firearms, this

8   particular case involves multiple complainants and the serious

9   nature of the threats that are alleged give this Court

10  significant concern as to whether or not you can be safely

11  released.

12          I'll also note that I -- I fully respect your right to

13  challenge the jurisdiction of the Court or you feel that you're

14  not subject to the laws of the United States.  But in order for

15  me to fundamentally think that someone is appropriate for

16  release into the community on conditions is that they --

17  whether or not they are going to agree to follow those

18  conditions.  And here I have some concern about that,

19  Mr. Kinney.  I don't make this decision lightly.

20          I'm going to grant the government's motion to detain,

21  okay?  And with that you will be detained pending further

22  proceedings in this matter as the Court finds that there is no

23  condition or combination of conditions that can reasonably

24  assure both your presence in court as directed but more

25  importantly, to mitigate any risk of danger that you might pose

1    to any individual in the community.

2         Words matter.  Okay.  And granted, these are

3    allegations at this point, but when the type of words that are

4    used threatens serious harm or death to other individuals, I --

5    I can't sort of assume that someone is joking.  I have to take

6    those words as said for what they're -- what they are intended

7    to mean.

8         And with that, I'll direct you, Mr. Nolan, to please

9    prepare an appropriate order, to include findings that are

10   consistent with the Court's ruling here today.  And no more

11   than seven days to my orders box, if you could.

12        With that, we have a preliminary hearing as scheduled,

13   I believe, for next week, Mr. Ignacio.

14        MR. IGNACIO:  Thank you, Your Honor.  That -- I'm

15   scheduled to start a jury trial in front of Judge Watson on

16   Monday the 25th.  It's unlikely that I will be available for

17   the preliminary hearing on the 28th.  So I would ask that it be

18   continued possibly by one week.

19        THE COURT:  All right.  One week.  Mr. Nolan, any

20   position on that?

21        MR. NOLAN:  No objection, Your Honor.

22        THE COURT:  Okay.  With that, I will grant the

23   defense's request based strictly on a conflict of schedule.

24   And with that, could I ask the courtroom manager to please

25   select a continued date a week later?

1          THE COURTROOM MANAGER:  Yes, Your Honor.  Thursday

2     May 5th, 2022, at 10:30 a.m. before Magistrate Judge Porter in

3     Courtroom 5.

4          THE COURT:  All right.  That'll be your next court

5     appearance, Mr. Kinney.  Urge you to continue to speak with

6     Mr. Ignacio about your case.  And I believe the next court

7     appearance I probably won't see you, will be another magistrate

8     judge.

9          But with that, anything further by the government?

10          MR. NOLAN:  No, Your Honor.  Thank you.

11          THE COURT:  Mr. --

12          MR. IGNACIO:  Just briefly.  I did speak with my

13     client about his being physically present in future hearings.

14     And I'm sure he still feels that way right now, but I will

15     attempt to revisit that.

16          THE COURT:  All right.  So the preliminary hearing at

17     this point, it would be safe to say it might be preferred, at

18     least at this point, to schedule it for an in-person

19     proceeding?

20          MR. IGNACIO:  Yes, Your Honor.

21          THE COURT:  Okay.

22          MR. IGNACIO:  That's my understanding from my client.

23          THE COURT:  And that's your right, Mr. Kinney.  Not a

24     problem at all.  If upon speaking to Mr. Ignacio you change

25     your mind and you prefer to proceed by way of phone or video

1    teleconference --

2              THE DEFENDANT:  I'm a man of my word, Your Honor.  And

3    all due respect, all due respect, I got to eat trash.

4              THE COURT:  All right.

5              THE DEFENDANT:  Until this point.

6              THE COURT:  All right.  With that, court will stand in

7    recess.

8      (The proceedings concluded at 10:57 a.m., April 19, 2022.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

<pre>
 1                   TRANSCRIBER'S CERTIFICATE

 2

 3          I, CYNTHIA FAZIO, Court-Authorized Transcriber, United

 4    States District Court, District of Hawaii, Honolulu, Hawaii, do

 5    hereby certify that pursuant to 28 U.S.C. §753 the foregoing is

 6    a true, complete and correct transcript from the electronic

 7    sound recording of the proceedings had in connection with the

 8    above-entitled matter and that the transcript page format is in

 9    conformance with the regulations of the Judicial Conference of

10    the United States.

11          DATED at Honolulu, Hawaii, May 6, 2022.

12

13

14                        /s/ Cynthia Fazio
                          CYNTHIA FAZIO, RMR, CRR, CRC
15

16

17

18

19

20

21

22

23

24

25
</pre>