CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

CRAIG S. NOLAN
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail: Craig.Nolan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 22-00031 DKW |
| Plaintiff, | ) |
| | ) GOVERNMENT'S NOTICE OF |
| vs. | ) INTENT TO INTRODUCE |
| | ) EVIDENCE PURSUANT TO RULE |
| LINDSEY KINNEY, | ) 404(b) |
| | ) |
| Defendant. | ) |
| | ) |

**GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE
<u>EVIDENCE PURSUANT TO RULE 404(b)</u>**

The United States, by and through the undersigned attorneys, hereby submits this notice of intent to introduce evidence pursuant to Federal Rule of Evidence 404(b).

Inextricably Intertwined Conduct

In an abundance of caution, the government hereby notices its intent to introduce in its case-in-chief the following threats, statements, communications, posts, images, recordings, and material posted or sent by or on behalf of defendant via social media:

1. Records and related data at KINNEY_000183, 293, 316, 782, 786-790, 793-804, 827, 852-866, 868, 871-916, 920-923, 960, and 961;[1]

2. Defendant's conduct as described at J_KINNEY_000014;

3. The following records and related data at KINNEY_001206 (scoped iPhone report):[2]

    a. Item 1 (chats);

    b. Items 11-17, 28-39, 42, 45-60, 62, 63, 66, 68-70, 72, 74, and 75 (images);

    c. Items 82-84 (video); and

    d. Items 135, 138-149, 152, and 163 (web history);

4. The records and related data from defendant's "cant.stop.cowboy" Instagram account at KINNEY_001207;

---

[1] Records and reports are identified by the Bates numbers used for the production of documents to defendant.

[2] The items and data from the scoped iPhone report are identified by the item number on the "tags" tab sorted by the "type" column in ascending order. The items noticed herein are only those that the government believes could be subject to Rule 404(b) or anticipates that defendant may argue are subject to Rule 404(b); the government intends to offer other items from the scoped iPhone report.

5. The records and related data from defendant's "ioandjustice" Instagram account at KINNEY_001207; and

6. The records and related data from defendant's Instagram accounts at KINNEY_001208.

Because the foregoing evidence is "'inextricably intertwined' with the charged offense[s]," this evidence is not other acts evidence subject to Rule 404(b). *United States v. Wells*, 879 F.3d 900, 928 (9th Cir. 2018) ("This exception applies when (1) 'particular acts of the defendant are part of . . . a single criminal transaction,' or when (2) '"other act" evidence .. . is necessary [to admit] in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime.'"). Alternatively, the above evidence is admissible pursuant to Rule 404(b) to prove defendant's subjective intent to threaten the victims, his motive for threatening the victims, his opportunity for threatening the victims via social media, his *modus operandi* in threatening the victims via social media, the absence of mistake in committing the charged threats, the lack of accident in committing the charged threats, and defendant's identity in connection with the charged threats.

Other Acts Evidence

The following other acts evidence is admissible pursuant to Rule 404(b) to prove defendant's subjective intent to threaten the victims, his opportunity for threatening the victims via social media, his *modus operandi* in threatening the victims via social media, the absence of mistake in committing the charged threats, the lack of accident in committing the charged threats, and defendant's identity in connection with the charged threats:

7. Defendant's conduct as described in the reports at, and the related records at, KINNEY_329, 348-355, and 506-751;

8. Defendant's conduct as described in the reports at, and the related records at, J_KINNEY_000001-3 and 6-8;

9. Defendant's conduct as described in the reports at, and the related records at, J_KINNEY_000004-5, 9, 13, and 18, and KINNEY_000186-191, 194-198, 202-223, 271-274, and 291-293;

10. Defendant's conduct as described in the reports at, and the related records at, J_KINNEY_000010-12 and KINNEY_259-267;

11. Defendant's conduct as described in the report at J_KINNEY_000015; and

12. Defendant's conduct as described in the reports at, and the related records at, J_KINNEY_000016-17 and KINNEY_286-287.

DATED: November 15, 2022, at Honolulu, Hawaii.

                                                    CLARE E. CONNORS
                                                    United States Attorney
                                                    District of Hawaii

                                       By: */s/ Craig S. Nolan*
                                               Craig S. Nolan
                                               Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, the true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically by CM/ECF:

Cassandra Stamm, Esq.
Attorney for Defendant
LINDSEY KINNEY

DATED: November 15, 2022, at Honolulu, Hawaii.

/s/ Craig S. Nolan
Craig S. Nolan
Assistant U.S. Attorney