Cassandra Stamm
Hawaii Bar # 11384
P.O. Box 1564
Kapaa, HI  96746
(808) 977-2528
caseystamm@hotmail.com
Counsel for Defendant Lindsey Kinney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | No. 1:22-cr-00031-DKW |
| Plaintiff, | ) ) | |
| v. | ) ) ) | DEFENDANT'S FIRST MOTION IN LIMINE (TO EXCLUDE EVIDENCE PURSUANT TO EVIDENCE RULE 404(B)(3) (NOTICE)) |
| LINDSEY KINNEY, | ) ) | |
| Defendant. | ) | |

**I.     Introduction and Background Facts**

Mr. Kinney is charged by Superseding Indictment with twice posting threats on Instagram.  Docket Sub. No. 47 (Superseding Indictment).  By letter dated October 14, 2022, Mr. Kinney requested discovery pursuant to Federal Rule of

Evidence 404(b)(3).[1]  The Court ordered that such notice be provided by November 15, 2022.  Docket Sub. No. 58.

The government filed the Notice of Intent to Introduce Evidence Pursuant to Rule 404(b) at docket Sub. No. 60.  In pertinent part, that notice indicates the government intends to introduce:

    4. The records and related data from defendant's "cant.stop.cowboy" Instagram account at KINNEY_001207;
    5. The records and related data from defendant's "ioandjustice" Instagram account at KINNEY_001207; [and]
    6. The records and related data from defendant's Instagram accounts at KINNEY_001208.

*Id.* at 2-3. These citations to KINNEY_001207 and KINNEY_001208 are citations to 74.5 gigabytes of data in 19,145 files provided by the government without indexing or further meaningful description.  The government asserts all this data is either inextricably intertwined with the charged offenses or admissible pursuant to all of the permissible purposes identified in Rule 404(b).  Doc. Sub. No. 60 at 3.

**II.    Argument**

Federal Rule of Evidence 404(b)(3) provides plainly:

In a criminal case, the prosecutor must:
(A)  provide reasonable notice of any such evidence [of other crimes, wrongs, or acts] that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
(B)  articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and

---

[1] A true and correct copy of this request is attached hereto as Appendix A.

> (C) do so in writing before trial – or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

The rule is designed to reduce surprise and promote early resolution of admissibility issues.[2] "Failure to provide notice or obtain an excuse from the district court, renders the other acts evidence inadmissible, whether the evidence is used in the prosecution's case-in-chief or for impeachment."[3] The court has ample discretion to decide that a particular request or notice is unreasonable due to lack of completeness or lack of timeliness.[4]

    Here, the government's notice is unreasonable in a number of respects. The notice wholly fails to articulate any reasoning supporting the permitted purpose(s) for which other acts evidence included in this data would be offered. *See generally,* Docket Sub. No. 60. But it is the vagueness of the notice in these respects that is the most unreasonable. This 'notice' cites generally to 74.5 gigabytes of unindexed data including innumerable references to other acts. It wholly fails to reduce surprise or promote timely and orderly resolution of admissibility issues.

    Trial will commence in just under three weeks. Motions in limine are due today. The government cannot timely remedy the lack of notice at 4.-6. of Docket Sub. No. 60. Other acts evidence from KINNEY_001207-08 is inadmissible as a result.

---

[2] *United States v. Vega,* 188 F.3d 1150, 1153 (9th Cir. 1999).
[3] *Id.*
[4] *Id.*

## III. Conclusion

For all these reasons and in the interests of justice, the Court should rule that the Government's notice of intent to offer other acts evidence from KINNEY_001207-08 is unreasonable and all such evidence is inadmissible.

DATED this 22nd day of November, 2022.

/s/  Cassandra Stamm
Law Offices of Cassandra Stamm, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2022, I electronically filed the foregoing First Motion in Limine with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Government.

/s/  Cassandra Stamm
Law Offices of Cassandra Stamm, LLC

# Appendix A

# CASEY STAMM
focused, fearless defense

P.O. Box 1564
Kapa'a, HI 96746

October 14, 2022

Craig S. Nolan
Office of the United States Attorney
Prince Kuhio Federal Building
300 Ala Moana Blvd Ste 6100
Honolulu, HI 96850
Email: craig.nolan@usdoj.gov

    Re:    *United States v. Lindsey Kinney,* United States District Court Cause No. 1:22-cr-00031-DKW (scheduled to begin trial on December 12, 2022)

Dear Craig:

    I hope this letter finds you well. I am writing to request discovery pursuant to Federal Rule of Evidence 404(b)(3):

> (b) ther Crimes, Wrongs, or Acts.
>
> > (3) Notice in a Criminal Case. In a criminal case, the prosecutor must:
> >
> > > (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
> > >
> > > (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
> > >
> > > (C) do so in writing before trial — or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Thank you in advance and likewise thank you for your ongoing compliance with the Court's standing order in the local criminal rules at Crim. L.R. 16.1.

    Kind regards,

    /s/ *Casey Stamm*

    Cassandra L. Stamm
    Attorney for Lindsey Kinney

(808) 977-2528    caseystamm@hotmail.com