Cassandra Stamm
Hawaii Bar # 11384
P.O. Box 1564
Kapaa, HI  96746
(808) 977-2528
caseystamm@hotmail.com
Counsel for Defendant Lindsey Kinney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 1:22-cr-00031-DKW |
| Plaintiff, | ) | |
| v. | ) | DEFENDANT'S THIRD MOTION IN LIMINE (TO EXCLUDE EVIDENCE CONCERNING PROFESSOR DKS) |
| LINDSEY KINNEY, | ) | |
| Defendant. | ) | |

**I.      Introduction and Background Facts**

Mr. Kinney is charged by Superseding Indictment with posting Instagram threats on January 17 and March 28, 2022.  Docket Sub. No. 47 (Superseding Indictment).  The government alleges these Instagram posts were directed toward five known individuals identified in the indictment as Victims 1-5.  The government also seeks to introduce evidence of other social media posts by Mr. Kinney concerning other individuals, including a professor referenced herein as DKS.  Docket Sub. No. 60 at 4 ¶ 12.

1

Discovery produced by the government to date includes a video[1] apparently posted by Mr. Kinney on March 30, 2022, commenting on a presentation by professor DKS. The video is nearly nine minutes long. Therein, Mr. Kinney references professor DKS by name, accuses him of not following proper procedures, and threatens to slap and knock him out. Toward the end of the video is a refrain repeated over and over in Mr. Kinney's communications—that he will meet professor DKS at the palace and cut his head off. Government agents notified professor DKS of the posting. According to discovery produced to date, professor DKS indicated he did not know Mr. Kinney, had not previously known about the post at issue, and was not concerned once informed.

## II.   Argument

Evidence Rule 404(b) generally prohibits the government from presenting extrinsic evidence of uncharged crimes, wrongs, or acts to prove a person's character in order to show the person acted in accordance therewith on any particular occasion.[2] This rule protects defendants' Confrontation and Due Process rights under the Fifth and Sixth Amendments to the United States Constitution.

The limitation on admitting evidence of prior bad acts is meant to minimize the chance that a jury would convict a 'bad man' who deserves to be punished not

---

[1] All the videos referenced in the defense motions in limine will be filed conventionally and hand-delivered to the court on November 23, 2022.
[2] Fed. R. Evid. 404(b)(1).

because he is guilty of the crime charged but because of his other misdeeds and to avoid the possibility the jury will infer that if the accused committed other crimes, he probably also committed the crime charged.[3]

Evidence of prior bad acts is only admissible for a proper purpose such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.[4] The Ninth Circuit employs a four-part test to determine the admissibility of evidence under Evidence Rule 404(b) such that evidence of prior criminal conduct/prior acts may be admitted if the evidence: (1) tends to prove a material issue; (2) is not too remote in time; (3) is sufficient to support a finding that the defendant committed the other act; and (4) is similar to the offense charged (in cases where knowledge and intent are at issue).[5] If instead the evidence of other bad acts is more properly understood to be propensity evidence, the Court must exclude it.[6] In other words, the Court must ultimately be satisfied that the evidence "is probative of a material issue other than character."[7]

In addition to satisfying this four-part test, evidence of other acts must also satisfy the Evidence Rule 403 balancing test—its probative value must not be

---

[3] *United States v. Phillips,* 599 F.2d 134, 136 (6th Cir. 1979).
[4] Fed. R. Evid. 404(b)(2).
[5] *Duran v. Maywood*, 221 F.3d 1127, 1132-33 (9th Cir. 2000).
[6] *United States v. Bracy,* 67 F.3d 1421, 1433 (9th Cir. 1995).
[7] *Huddleston v. United States,* 485 U.S. 681, 686, 108 S. Ct. 1496, 99 L.Ed.2d 771 (1988).

substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.[8]  In this context, "[u]nfair prejudice," means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."[9]

The Government has the burden of demonstrating extrinsic evidence of prior bad acts satisfies all the above-mentioned requirements.[10]  To do so, the Government "must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence."[11]  The prosecution must not only identify the evidence that it intends to offer pursuant to Federal Rule of Evidence 404(b), it must "also articulate a non-propensity purpose for which the evidence is offered and the basis for concluding that the evidence is relevant in light of this purpose."[12]

---

[8] Fed. R. Evid. 403.
[9] *United States v. Allen*, 341 F.3d 870, 886 (9th Cir. 2003) (citations omitted); *citing,* Fed. R. Evid. 403, advisory committee notes; *Old Chief v. United States*, 519 U.S. 172, 180, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997) (unfair prejudice "speaks to the capacity of some concededly relevant evidence to lure the fact-finder into declaring guilt on a ground different from proof specific to the offense charged.").
[10] *United States v. Montgomery*, 150 F.3d 983, 1000, 1001 (9th Cir. 1998).
[11] *United States v. Mayans,* 17 F.3d 1174, 1181 (9th Cir. 1994).
[12] Fed. R. Evid. 404, Advisory Committee Notes on 2020 amendments; *see also, United States v. Kendall,* 766 F.2d 1426, 1436 (10th Cir. 1985) ("The Government must articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the evidence of other acts.  In addition, the trial court must specifically identify the purpose for which such evidence is

4

The Government has not articulated any evidentiary hypotheses by which this evidence concerning professor DKS tends to prove any material issue herein. Whether Mr. Kinney intended the video concerning professor DKS to be a true threat or not, unless employed as propensity evidence it does not tend to prove that Mr. Kinney intended the unrelated charged posts as serious expressions of an intent to injure or kill another person. This video was posted two days after the last charged offense. Whether Mr. Kinney therein intended to seriously threaten professor SKS does not retroactively prove his intent with respect to the earlier charged threats. The professor DKS post the government seeks to introduce is irrelevant, unduly prejudicial, and improper propensity evidence.

### III. Conclusion

The government's attempt to bolster its case with other evidence concerning professor DKS is an inappropriate attempt to introduce propensity evidence. This evidence should be excluded pursuant to Federal Rules of Evidence 402, 403, and 404(b).

DATED this 22nd day of November, 2022.

/s/ Cassandra Stamm
Law Offices of Cassandra Stamm, LLC

---

offered and a broad statement merely invoking or restating Rule 404(b) will not suffice.").

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 22, 2022, I electronically filed the foregoing Third Motion in Limine with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Government.

                                        /s/  Cassandra Stamm
                                        Law Offices of Cassandra Stamm, LLC