Cassandra Stamm
Hawaii Bar # 11384
P.O. Box 1564
Kapaa, HI  96746
(808) 977-2528
caseystamm@hotmail.com
Counsel for Defendant Lindsey Kinney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 1:22-cr-00031-DKW |
| Plaintiff, | ) | |
| v. | ) | DEFENDANT'S FOURTH MOTION IN LIMINE (TO EXCLUDE EVIDENCE CONCERNING HONOLULU PROPERTY) |
| LINDSEY KINNEY, | ) | |
| Defendant. | ) | |

**I.     Introduction and Background Facts**

Mr. Kinney is charged by Superseding Indictment with posting threats to kill on Instagram on January 17 and March 28, 2022.  Docket Sub. No. 47 (Superseding Indictment).  The government alleges these Instagram posts were directed toward five known individuals identified in the indictment as Victims 1-5.  The government also seeks to introduce evidence of other social media posts by Mr. Kinney concerning unrelated matters, including what has been described in discovery as a well-known property in Honolulu.  Docket Sub. No. 60 at 4 ¶ 10.

Discovery produced by the government to date indicates that on April 5, 2021,

(more than seven months prior to the initial charged offense herein) a tenant at this property viewed a twenty-five minute Instagram video that included remarks by Mr. Kinney about the property and the property's owner. The video has not been produced or offered by the government. According to a 2021 report regarding the video, it depicts Mr. Kinney claiming that human trafficking occurred on the property and a celebrity got her adopted child from the property owner. The tenant reportedly interpreted the video, as well as comments posted by others regarding the video, "as threatening toward him/[the property owner]/the Property."

II.   Argument

Evidence Rule 404(b) generally prohibits the government from presenting extrinsic evidence of uncharged crimes, wrongs, or acts to prove a person's character in order to show the person acted in accordance therewith on any particular occasion.[1] This rule protects defendants' Confrontation and Due Process rights under the Fifth and Sixth Amendments to the United States Constitution.

The limitation on admitting evidence of prior bad acts is meant to minimize the chance that a jury would convict a 'bad man' who deserves to be punished not because he is guilty of the crime charged but because of his other misdeeds and to avoid the possibility that the jury will infer that if the accused committed other

---

[1] Fed. R. Evid. 404(b)(1).

crimes, he probably also committed the crime charged.[2]

Evidence of prior bad acts is only admissible for a proper purpose such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.[3]  The Ninth Circuit employs a four-part test to determine the admissibility of evidence under Evidence Rule 404(b) such that evidence of prior criminal conduct/prior acts may be admitted if the evidence:  (1) tends to prove a material issue; (2) is not too remote in time; (3)  is sufficient to support a finding that the defendant committed the other act; and (4) is similar to the offense charged (in cases where knowledge and intent are at issue).[4]  If instead the evidence of other bad acts is more properly understood to be propensity evidence, the Court must exclude it.[5]  In other words, the Court must ultimately be satisfied that the evidence "is probative of a material issue other than character."[6]

In addition to satisfying this four-part test, evidence of other acts must also satisfy the Evidence Rule 403 balancing test—its probative value must not be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or

---

[2] *United States v. Phillips,* 599 F.2d 134, 136 (6th Cir. 1979).
[3] Fed. R. Evid. 404(b)(2).
[4] *Duran v. Maywood*, 221 F.3d 1127, 1132-33 (9th Cir. 2000).
[5] *United States v. Bracy,* 67 F.3d 1421, 1433 (9th Cir. 1995).
[6] *Huddleston v. United States,* 485 U.S. 681, 686, 108 S. Ct. 1496, 99 L.Ed.2d 771 (1988).

needless presentation of cumulative evidence.[7]  In this context, "[u]nfair prejudice," means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."[8]

The Government has the burden of demonstrating extrinsic evidence of prior bad acts satisfies all the above-mentioned requirements.[9]  To do so, the Government "must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence."[10]  The prosecution must not only identify the evidence that it intends to offer pursuant to Federal Rule of Evidence 404(b), it must "also articulate a non-propensity purpose for which the evidence is offered and the basis for concluding that the evidence is relevant in light of this purpose."[11]

The evidence concerning Mr. Kinney's social media post regarding this well-

---

[7] Fed. R. Evid. 403.
[8] *United States v. Allen*, 341 F.3d 870, 886 (9th Cir. 2003) (citations omitted); *citing,* Fed. R. Evid. 403, advisory committee notes; *Old Chief v. United States*, 519 U.S. 172, 180, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997) (unfair prejudice "speaks to the capacity of some concededly relevant evidence to lure the fact-finder into declaring guilt on a ground different from proof specific to the offense charged.").
[9] *United States v. Montgomery*, 150 F.3d 983, 1000, 1001 (9th Cir. 1998).
[10] *United States v. Mayans,* 17 F.3d 1174, 1181 (9th Cir. 1994).
[11] Fed. R. Evid. 404, Advisory Committee Notes on 2020 amendments; *see also, United States v. Kendall,* 766 F.2d 1426, 1436 (10th Cir. 1985) ("The Government must articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the evidence of other acts.  In addition, the trial court must specifically identify the purpose for which such evidence is offered and a broad statement merely invoking or restating Rule 404(b) will not suffice.").

known property in Honolulu is very much irrelevant to any fact of consequence in this case and should not be admitted or referenced at trial. As described, it is not particularly similar to either of the charged offenses and it is not overtly threatening. It is remote in time, allegedly posted more than seven months prior to the initially charged offense. It concerns a well-known property that is not connected in any way to any of the charged alleged victims. The Government cannot satisfy their burden of proving that evidence concerning this other alleged act tends to prove any material issue herein, is not impermissible character evidence, and has some probative value that is not substantially outweighed by the danger of unfair prejudice.

### III. Conclusion

The government's attempt to bolster its case with other evidence concerning this Honolulu property is an inappropriate attempt to unfairly prejudice Mr. Kinney by confusing the issues and introducing impermissible propensity evidence. This evidence should be excluded pursuant to Federal Rules of Evidence 402, 403, and 404(b).

DATED this 22nd day of November, 2022.

/s/  Cassandra Stamm
Law Offices of Cassandra Stamm, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2022, I electronically filed the foregoing Fourth Motion in Limine with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Government.

                                                /s/  Cassandra Stamm
                                                Law Offices of Cassandra Stamm, LLC