Cassandra Stamm
Hawaii Bar # 11384
P.O. Box 1564
Kapaa, HI  96746
(808) 977-2528
caseystamm@hotmail.com
Counsel for Defendant Lindsey Kinney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | No. 1:22-cr-00031-DKW |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | DEFENDANT'S SEVENTH MOTION IN LIMINE (TO EXCLUDE THREE VIDEOS) |
| LINDSEY KINNEY, | ) ) | |
| Defendant. | ) | |

**I.       Introduction and Background Facts.**

Mr. Kinney is charged by Superseding Indictment with posting threats to behead Victims 1-5 on Instagram on January 17 and March 28, 2022.  Docket Sub. No. 47 (Superseding Indictment).  The government seeks to introduce other evidence including three videos recovered from Mr. Kinney's smart phone identified as Items 82-84 (video) at KINNEY_001206 (scoped iPhone report).  Docket Sub. No. 60 at 2 ¶3.c.  These videos will be filed conventionally and provided to the court in person

1

on November 23, 2022.

Data concerning these videos recovered from the phone shows that each of these videos was an attachment to an SMS message, i.e. part of a private message. Two of the videos (items 83 and 84) were saved to the phone six seconds apart on May 23, 2021. The other video (item 82) was saved to the phone on August 7, 2021. The government has not produced any discovery tending to prove that any of the charged victims were aware of any of these videos.

Video item 82 is a highly produced one-minute-long video that includes music ("One Day" by Matisyahu, an artist described by Wikipedia as an American Jewish reggae singer). The video includes images of a Hawaiian state flag (with the Union Jack; not the Kanaka Maoli flag), then a machete with "Hui Up" inscribed on the handle. Mr. Kinney does not appear in these images but the video then cuts to a short video of Mr. Kinney at another location where he looks into a camera and quietly speaks about 'feeling his father's wrath,' being 'ready for this war,' and his sword being 'nice and sharp' while the music continues to play.

Video item 83 is a twenty-two second video depicting a sword laying on a cluttered surface that may be a garage floor. No person is depicted in the video and although the video includes audio no one speaks during the video. This video was posted on Mr. Kinney's Instagram on June 5, 2021, with a caption reading "Battle ready . . . Thank u . . . I'O . . . for always loving me . . . never letting me give up on

myself . . . off with there heads."

Video item 84 is a nine second video depicting a knife. A left hand with no visible tattoos can be seen in the video. Mr. Kinney has multiple tattoos on both of his hands. There is no audio with this video.

**II.    Argument.**

The government posits these videos are all admissible pursuant to Rule 404(b) *and* inextricably intertwined with the charged offenses. Docket Sub. No. 60 at 3. Admissibility of evidence of other acts is governed by Federal Evidence Rules 403 and 404(b) as outlined in Mr. Kinney's third, fourth, and fifth motions in limine. This argument is incorporated by reference herein.

Evidence is inextricably intertwined with the charged crimes if it is part of a single criminal episode or a necessary preliminary to the crime charged.[1] Examining the 'inextricably intertwined' criteria, the Ninth Circuit has recognized only limited categories of potentially admissible evidence:[2]

> First, evidence of prior acts may be admitted if the evidence 'constitutes a part of the transaction that serves as the basis for the criminal charge.' Second, prior act evidence may be admitted 'when it was necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime.'

These videos are not connected in any way to the charged offenses. They are

---

[1] *United States v. Williams,* 900 F.2d 823, 825-26 (5th Cir. 1990); *see also, United States v. Record,* 873 F.2d 1363, 1372 n.5 (10th Cir. 1989).
[2] *United States v. DeGeorge,* 380 F.3d 1203, 1220 (9th Cir. 2004) (citations omitted).

not part of the basis for these charges, or in any way part of a coherent story regarding the same.

The Government has not precisely articulated any hypothesis by which a fact of consequence, relating to the January and March 2022 postings referencing alleged Victims 1-5, may be inferred from these videos. These videos were on Mr. Kinney's phone but they are not connected with these alleged threats or victims in any way. Mr. Kinney did exchange messages with at least one of the alleged victims herein. These videos were not part of that exchange.

These videos are also too remote in time. Each of these three videos were attached to messages involving Mr. Kinney's phone months before Mr. Kinney had even heard of alleged victims 1-3.

No specific person is threatened in any of these three videos. In this way they are very much dissimilar to the offenses charged. Depending on the context in which the videos were created, displayed and/or viewed, they could be viewed as very threatening but the government has produced no such evidence of this context. Conversely, the videos may have been created, displayed, and/or viewed in completely benign circumstances that do not at all implicate threats by or toward anyone. Absent evidence one way or the other, these videos are not relevant. Any invitation that the jury should speculate about such is inappropriate and creates a danger of unfair prejudice and confusion of the issues. These three videos should

not be admitted.

### III.  Conclusion.

The government's attempt to prove its case with videos found on Mr. Kinney's phone (Items 82-84 at KINNEY__001206 (scoped iPhone report)) does not comport with Federal Rules of Evidence 402, 403, and 404(b).  The Court should rule in limine that such evidence is not admissible.

DATED this 22nd day of November, 2022.

/s/  Cassandra Stamm
Law Offices of Cassandra Stamm, LLC

### CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2022, I electronically filed the foregoing Seventh Motion in Limine with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Government.

/s/  Cassandra Stamm
Law Offices of Cassandra Stamm, LLC