CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

CRAIG S. NOLAN
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail: Craig.Nolan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 22-00031 DKW |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S MOTION *IN* |
| | ) | *LIMINE*  NO. 1 TO ADMIT DATA |
| vs. | ) | FROM DEFENDANT'S |
| | ) | INSTAGRAM ACCOUNTS; |
| LINDSEY KINNEY, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S MOTION *IN LIMINE*  NO. 1 TO ADMIT
DATA FROM DEFENDANT'S INSTAGRAM ACCOUNTS**

The United States of America, by and through the undersigned attorneys, hereby moves *in limine* to admit data from defendant's Instagram accounts. The data consists of (1) screenshots of posts by defendant on his Instagram accounts observed by Victims 1 and 2 in connection with their viewing and assessing the threat charged in Count 1 and supplied by Victims 1 and 2 to the FBI in the two weeks following the threat with most provided within three days; (2) some of the data copied by FBI agents from defendant's "ioandjustice" Instagram account between the March 28, 2022 date of the threat to Victims 4 and 5 and defendant's arrest on April 12, 2022, and (3) selections from a copy of defendant's "ioandjustice" account obtained pursuant to warrant from Instagram in April 2022. The records are attached as Exhibits 1-3, respectively.[1] Because this evidence is relevant to the elements the government must prove, the evidence is not subject to Rule 404(b), and to the extent that the evidence is subject to that rule the evidence falls within the exceptions enumerated by the rule, the evidence should be admitted.

The Superseding Indictment charges defendant with transmitting via Instagram interstate threats to injure another person on two occasions: January 17,

---

[1] The government also intends to offer from these sources data that is direct evidence of the charged threats, including data confirming that the charged threats were posted to defendant's Instagram accounts and communications between defendant and Victims 1 and 2. Exhibit 2 also contains documents describing the source of the data and will not themselves be offered into evidence.

1

2022 targeting Victims 1-3; and March 28, 2022 targeting Victims 4, 5, and the security staff of Victim 4. Defendant's first threat was a multi-media post on his "cant.stop.cowboy" Instagram account that included a videorecording with audible statements by defendant, a written post threatening to execute the victims by beheading, screenshots of the Facebook profiles and photographs of the victims, and other items. Defendant's second threat was a 15-minute videorecording with audible statements by defendant threatening to kill by beheading Victims 4 and 5 and to commit physical harm to the security staff of Victim 4 posted to defendant's "ioandjustice" Instagram account. The second post also includes antisemitic remarks; Victim 4 is Jewish.[2]

At trial the government must prove the following five elements for each threatening communication that violates §875(c):

1. Defendant knowingly transmitted a communication;
2. The communication traveled in interstate or foreign commerce;[3]
3. The communication contained a threat to injure any person or any group of persons;[4]

---

[2] The charged posts are attached as Exhibits 4 and 5.

[3] Although the government must prove that the communication crossed state or international boundaries, it is not necessary that defendant know or intend that the message cross those boundaries. *United States v. Liesse*, No. 20-10096, 2021 WL 5275819, at *1 (9th Cir. Nov. 12, 2021) ("Under § 875(c), the government was required to show only that Liesse transmitted communications across state lines."); see *United States v. Chang Ru Meng Backman*, 817 F.3d 662, 667 (9th Cir. 2016) ("The longstanding presumption is that the jurisdictional element of a criminal statute has no mens rea.").

[4] The government need not prove that defendant intended or attempted to carry out any of his threats; communicating the threat is the conduct criminalized by § 875(c). *United States v.*

2

    4. Defendant intended the communication as a threat; and

    5. A reasonable observer would view the communication as a threat.

*United States v. Bachmeier*, 8 F.4th 1059, 1064 (9th Cir. 2021); *United States v. Liesse*, No. 20-10096, 2021 WL 5275819, at *1 (9th Cir. Nov. 12, 2021) (because district court instructed the jury that § 875(c) requires the government to meet the subjective standard and the objective standard, circuit assumed without deciding that proof of both is required); *United States v. Sutcliffe*, 505 F.3d 944, 961–62 (9th Cir. 2007) (reaffirming that "specific intent to threaten is an essential element of a § 875(c) conviction" and declining to resolve whether meeting the objective test is also required); *United States v. Twine*, 853 F.2d. 676, 681 (9th Cir. 1988) (defendant must have had "a subjective, specific intent to threaten").

The subjective intent of defendant can be shown through the plain language of defendant's communications, including his explicit threats to injure others, and through defendant's conduct, including possession and use of weapons, the display of such on his Instagram accounts, other posts evidencing defendant's intent to threaten or do violence to others, and his antisemitic rants. *See Liesse*, 2021 WL 5275819, at *2 (proper to admit evidence of weapons and defendant's homophobic comments); *United States v. Sutcliffe*, 505 F.3d 944, 958–59, 961 (9th Cir. 2007). Because defendant used his Instagram accounts to make the charged threats,

---

*Keyser*, 704 F.3d 631, 638 (9th Cir. 2012) ("It is not necessary that the speaker intend to follow through on the threat, commit an assault, or inflict actual physical harm, however.").

defendant's other posts on those accounts are relevant evidence of the online image defendant portrayed of himself, the context in which defendant subjectively made the charged threats, and the way in which the victims and third-parties objectively viewed those threats. *See United States v. Bagdasarian*, 652 F.3d 1113, 1119 (9th Cir. 2011) (construing 18 U.S.C. § 879(a)(3), which criminalizes threats to kill or do bodily harm to a major presidential candidate, and explaining "objective test requires the fact-finder to look[] at the entire factual context of [the] statements including: the surrounding events, the listeners' reaction, and whether the words are conditional") (internal quotation marks omitted). Further, the reactions of those who experienced defendant's communications are relevant to the objective standard. *See Liesse*, 2021 WL 5275819, at *2; *Bagdasarian*, 652 F.3d at 1119.

"Evidence of 'other acts' is not subject to Rule 404(b) analysis if it is 'inextricably intertwined' with the charged offense." *United States v. Wells*, 879 F.3d 900, 928 (9th Cir. 2018); *United States v. Beckman*, 298 F.3d 788, 793 (9th Cir. 2002). "This exception applies when (1) 'particular acts of the defendant are part of ... a single criminal transaction,' or when (2) '"other act" evidence ... is necessary [to admit] in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime.'" *United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002). Likewise, Rule 404(b) does not exclude "evidence of acts which are 'intrinsic' to the charged offense. Fed. R.

4

Evid. 404(b) (comm. note to 1991 amendment). Intrinsic evidence includes evidence that provides 'the context in which the charged crime occurred.'" *United States v. Collins*, 90 F.3d 1420, 1428 (9th Cir. 1996).

Alternatively, the evidence is admissible pursuant to Rule 404(b) to prove defendant's subjective intent to threaten the victims, his motive for threatening the victims, his opportunity for threatening the victims via his Instagram accounts, his *modus operandi* in threatening the victims via social media, the absence of mistake in committing the charged threats, the lack of accident in committing the charged threats, and defendant's identity in connection with the charged threats.

As the Court will observe from Exhibits 1-3, the evidence the government intends to offer at trial is direct evidence of the charged conduct (including defendant's statements about the victims) and provides the context necessary to understand both defendant's subjective intent in making the charged threats and a reasonable observer's view of the charged threats. Without admission of such evidence, the jury cannot evaluate the words and images posted by defendant. Here, although defendant's threats to injure and kill are fairly explicit, contextual evidence is necessary to fully appreciate defendant's intent and make an objective assessment.

For the foregoing reasons, the government respectfully requests that the Court admit the data from defendant's Instagram accounts.

DATED: November 22, 2022, at Honolulu, Hawaii.

          CLARE E. CONNORS
          United States Attorney
          District of Hawaii


By: */s/ Craig S. Nolan*
     Craig S. Nolan
     Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, the true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically by CM/ECF:

Cassandra Stamm, Esq.
Attorney for Defendant
LINDSEY KINNEY

    DATED: November 22, 2022, at Honolulu, Hawaii.

                                        */s/ Craig S. Nolan*
                                        Craig S. Nolan
                                        Assistant U.S. Attorney