Cassandra Stamm
Hawaii Bar # 11384
P.O. Box 1564
Kapaa, HI  96746
(808) 977-2528
caseystamm@hotmail.com
Counsel for Defendant Lindsey Kinney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | No. 1:22-cr-00031-DKW |
|---|---|---|
| Plaintiff, | ) | DEFENDANT'S TRIAL MEMORANDUM |
| v. | ) | |
| LINDSEY KINNEY, | ) | |
| Defendant. | ) | |

### Introduction

Mr. Kinney's trial is expected to begin on December 12, 2022, and will likely last approximately one week.  Mr. Kinney has previously filed motions *in limine* and responses to the government's motions *in limine,* a memorandum regarding disputed jury instructions, and proposed voir dire questions.  Stipulations

regarding certain evidence are expected. The parties will file exhibits and witness lists prior to trial.

Mr. Kinney is charged by Superseding Indictment with two counts of Interstate Threat to Injure in violation of 18 U.S.C. § 875(c) based on Instagram posts on or about January 17 and March 28, 2022. The government has previously filed copies of the Instagram posts for the Court's review. Doc. Sub. No. 77. The primary issue for the fact-finder at trial will be whether the evidence amounts to proof beyond a reasonable doubt that Mr. Kinney subjectively intended the charged Instagram posts to be true threats.

In an effort to ensure the smooth and efficient presentation of evidence and avoid speaking objections, this memorandum summarizes various outstanding procedural and evidentiary issues that do not merit motions *in limine* but nonetheless deserve mention prior to trial. This memorandum may not be exhaustive and additional unanticipated issues may arise at trial that are not set forth below.

## Issues

**A.     Preliminary Instructions**

The Superseding Indictment charges alleged threats against "Victim 1-5." When the charges are mentioned to the jury, these persons' names should be used.

All their names have long been known and the Government has publicly filed their names. *See,* Doc. Sub. No. 74-1 at 7, 33, 64, 70; 74-3 at 34. The jury should not be invited to speculate about any reason for the non-use of their names and they should not be referred to as "victims."

**B.     Out-of-Court Statements**

The government is expected to offer multiple out-of-court statements by Mr. Kinney. Indeed, the charges themselves are based on Mr. Kinney's out-of-court statements. Mr. Kinney communicated directly with some of the government's witnesses and with others regarding the alleged victims and the alleged threats at issue herein. For example, in the hours surrounding the post charged in Count I, Mr. Kinney responded to messages regarding the post mentioning bloodshed. More than once, Mr. Kinney indicated "no bloodshed," and explained he wanted "a peaceful meeting." To the alleged victims and to others, Mr. Kinney indicated multiple times that he wanted a meeting and to handle things the pono way. Such statements are not backward looking, self-serving revisions of history attempting to retroactively explain the intent behind Mr. Kinney's posts. Rather, such statements are contemporaneous expressions of the very state of mind at issue in this trial.

Mr. Kinney's out-of-court statements are admissible insofar as have a tendency to prove his alleged threats, constitute admissions concerning those

threats, and/or provide evidence of his intent. Regarding the latter, Federal Rule of Evidence 803(3) provides that statements of a declarant's then-existing state of mind such as motive, intent, or plan are not excluded by the rule against hearsay.

Insofar as the government may offer portions of Mr. Kinney's out-of-court statement(s), he may also seek to introduce the remainder(s) thereof pursuant to Federal Rule of Evidence 106. The rule provides, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness ought to be considered at the same time."

**C.     The Michael Miske case**

Michael Miske Jr. and his codefendants are charged in this Court with racketeering and multiple other offenses in aid thereof including murder and conspiracy to murder. According to publicly available records and media accounts, Mr. Kinney is a victim in this case (Count 8 of the Second Superseding Indictment charging Miske and a codefendant with Assault and Attempted Murder in Aid of Racketeering).

Miske, his case, and Mr. Kinney's involvement therein are well and accurately known by some and the subject of often inaccurate conjecture and rumor by many others including the government's witnesses. Evidence concerning

the Miske case has a tremendous potential to confuse the issues or unduly delay and waste time herein. The name, "Miske," is mentioned without elaboration or explanation in the post charged as Count II. The defense will object to any further introductions of evidence concerning Miske during Mr. Kinney's trial.

**D.      Eric Nelson aka "OFHA Col. Sam Lilikoi"**

The government alleges the threat in count 1 was motivated by a dispute at the harbor occurring in early January 2022 involving Eric Nelson, aka "Colonel Sam Lilikoi." Nelson describes himself as a Colonel in the Occupied Forces Hawaiian Army. In summary, the dispute involved an in-person interaction between Nelson and alleged victim Joseph Simpliciano occurring in the course of Simpliciano's investigation of various alleged law violations by Nelson. Following and in relation to this interaction, Mr. Simpliciano's cousin, alleged victim Elton Magallanes issued a "Declaration of War" challenging combat "to the death." Mr. Kinney was not present or otherwise personally involved in this dispute at the harbor but he was aware of Magallanes' declaration following the same.

Though the fact of the dispute is relevant, the details thereof may be unfairly prejudicial, confuse or mislead the jury, waste time, and needlessly become cumulative. Nelson has done all sorts of things of interest to the government. He has been the subject of more than one criminal investigation. But aside from the

connection mentioned above, his alleged bad acts are unconnected with Mr. Kinney's alleged threats. The defense will alert the Court to such issues as they arise.

**E.     Opinion Testimony**

The defense and government have both identified computer forensic analysts as witnesses with specialized training who may testify at trial. Neither of these witnesses are expected to offer purely opinion testimony. Rather, their testimony will concern data from Mr. Kinney's Instagram and Facebook accounts as well as his phone. Neither party has identified any other witnesses with specialized training or experience.

Lay witnesses may offer opinion testimony but only in certain circumstances. *See,* Fed. R. Evid. 701. The government's witnesses (agents and civilians alike) naturally have expressed opinions concerning the meaning of Mr. Kinney's Instagram posts, Mr. Kinney's subjective intent, and his guilt regarding the charged offenses. These are issues for the jury's determination. Such opinions are inadmissible pursuant to Federal Rule of Evidence 402 (relevance), 701(b) (lay opinion testimony that is not helpful), and 704(b) (opinion testimony concerning defendant's mental state). The defense will object to questions calling for such opinion testimony at trial.

F.   **The decision to arrest Mr. Kinney**

According to discovery produced by the government, state and federal agents alike investigated Mr. Kinney for quite some time before he was arrested earlier this year. The course of these investigations and decisions made therein including the choice ultimately to arrest Mr. Kinney were made based on multiple factors.

But investigators' assessments of Mr. Kinney and his alleged threats are not admissible. The course of this investigation and investigators' decisions concerning whether, when, and how to arrest Mr. Kinney are not evidence of his guilt. Regardless of how well (or poorly) founded such decisions were at the time of their making, they are irrelevant to any fact of consequence concerning this action. Whether express or implied, they are improper opinions of Mr. Kinney's intent and guilt. The defense will object to such evidence.

G.   **Threats by Others**

In the course of their investigation, the government has gathered offensive and arguably threatening social media posts and acts attributable to persons other than Mr. Kinney, some identified by name, some only by description, and some identified by their Instagram User IDs. Some of these posts were meaningful to investigators and/or the alleged victims in some way, but none of them tend to

prove anything about Mr. Kinney's alleged threats. The defense will object to such evidence concerning the alleged threats by persons other than Mr. Kinney.

**H.     Exclusion of Witnesses**

Witnesses should be excluded from the courtroom pursuant to Federal Rule of Evidence 615.

## Conclusion

Unanticipated issues will inevitably arise at trial, however, the foregoing should serve as a fairly comprehensive summary of currently anticipated issues.

DATED this 28th day of November, 2022.

/s/ Cassandra Stamm
Law Offices of Cassandra Stamm, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2022, I filed the above Trial Memorandum with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Government.

/s/ Cassandra Stamm
Law Offices of Cassandra Stamm, LLC