CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

CRAIG S. NOLAN
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Craig.Nolan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 22-00031 DKW |
| Plaintiff, | ) |
| | ) GOVERNMENT'S POSITION ON |
| vs. | ) DEFENDANT'S PROPOSED JURY |
| | ) INSTRUCTION; CERTIFICATE OF |
| LINDSEY KINNEY, | ) SERVICE |
| Defendant. | ) |

**GOVERNMENT'S POSITION ON**
**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

The United States of America, by and through its attorneys, submits this memorandum pursuant to the Court's direction. On December 5, 2022, the Court held the Final Pretrial Conference and a hearing on motions *in limine* in

anticipation of the trial scheduled to commence on December 12, 2022.[1] After a colloquy on the parties' proposed jury instructions, the Court indicated that it would largely adopt the government's proposed jury instruction on the elements of the crimes charged under 18 U.S.C. § 875(c), and requested that the government file by December 9, 2022, a statement of its position on the inclusion in that instruction of defendant's proposed definition of threat. For the reasons below, the government opposes such inclusion.

The government's proposed instruction on the elements is as follows:

> The defendant is charged in Count __ of the indictment with transmitting in interstate or foreign commerce a threatening communication in violation of Section 875(c) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:
>
> First, the defendant knowingly transmitted a communication containing a threat to injure [Victims listed in the alternative].
>
> Second, the communication traveled in interstate or foreign commerce.
>
> Third, the defendant intended to communicate a threat by the communication.
>
> Fourth, a reasonable observer would view the communication as a threat.
>
> The government need not prove that the defendant intended to carry out the threat.

---

[1] On December 7, 2022, the trial was continued to January 31, 2023.

ECF No. 92.  Defendant proposes to add to the instruction the following:

> For these purposes, a threat means a statement where the person transmitting the communication means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals.

ECF No. 80, at 3.

As noted in the government's Proposed Supplemental Jury Instructions, its proposed elemental instruction already incorporates the essence of defendant's proposed extra language.  ECF No. 92, at 8-11.  The government's third element instructs the jury that to convict it must find specific intent on the part of the defendant—"defendant intended to communicate a threat."  That language is equivalent to the proposed extra language of defendant bolded as follows:  "**means to communicate** *a serious expression of* **an intent to commit an act of unlawful violence.**"  The government's fourth element—"a reasonable observer would view the communication as a threat"—instructs the jury that to convict it must also find the communication to be a threat when viewed objectively.  That language is equivalent to language of defendant italicized above.  *See United States v. Hayner*, 371 F. Supp. 3d 700, 704 (N.D. Cal. 2018) (The objective element, while framed somewhat differently from case to case, essentially asks whether a reasonable person would believe the threat to be real – that it is "a serious expression of intent to harm or assault." *United States v. Stewart*, 420 F.3d 1007, 1017 (9th Cir. 2005) (quoting P*lanned Parenthood of the Columbia/Willamette, Inc. v. American*

*Coalition of Life Activists*, 290 F.3d 1058, 1074 (9th Cir. 2002) (en banc))) (deciding appeal in misdemeanor case for violating 36 C.F.R. § 2.32(a)(1), Interfering with Agency Functions).

Defendant's proposed extra language is therefore redundant.  The risk in including redundant language is that a jury will strive to give the language some additional, different meaning than the remainder of the instruction similar to statutory construction by courts before they declare a term or phrase in a statute surplusage.  Defendant's proposed extra language is likely to confuse the jury because it uses different language to express the same meaning as the instructions that would precede it.[2]

For the foregoing reasons, the government opposes the inclusion of defendant's proposed definition of threat in the instruction on the elements.

DATED: December 8, 2022, at Honolulu, Hawaii.

          CLARE E. CONNORS
          United States Attorney
          District of Hawaii

          By: */s/ Craig S. Nolan*
              Craig S. Nolan
              Assistant U.S. Attorney

---

[2] Arguably, the phrase "an act of unlawful violence" in defendant's proposed extra language is not precisely redundant to the statutory language used in the first element: "to injure."  The former exceeds, however, the requirements of the statute.  If the Court were inclined to include such language, it could be used in the first element, e.g., "intent to injure through unlawful violence [victim]."

## CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, the true and correct copy of the foregoing was served on the following at their last known address:

<u>Served Electronically by CM/ECF</u>:

Cassandra Stamm, Esq.
Attorney for Defendant
Lindsey Kinney

DATED: December 8, 2022, at Honolulu, Hawaii.

<i>/s/ Craig S. Nolan</i>
Craig S. Nolan
Assistant U.S. Attorney
